IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FIA CARD SERVICES, N.A.                                                              PLAINTIFF

V.                              NO.  2:10-CV-02034-RTD

PHILLIP D. PRICKETT                                                                  DEFENDANT

**MAGISTRATE JUDGE'S REPORT and RECOMMENDATION**

Before the court is the Defendant's Motion for Injunctive and Declaratory Relief (Doc. 2) filed March 9, 2010.  The matter was referred to the undersigned by Order (Doc. 5) dated March 12, 2010.  The Plaintiff filed a Motion to Dismiss and to Remand (Doc. 7) on March 30, 2010 and the Motion has been referred to the undersigned by order (Doc. 8) dated April 8, 2010.  The Defendant filed his Response (Doc. 9) on April 9, 2010 and the matter is now ready for report and recommendation.

**I. Background**

It appears that the Plaintiff, FIA Card Services, N.A., filed a complaint in the Johnson County Circuit Court (Doc. 1-1) on February 8, 2010 seeking to collect on a past due credit card debt in the amount of $14,315.56 plus accrued interest in the amount of $2,732.23.   The Defendant seeks to remove the action to Federal Court (Doc. 1) and seeks an Injunction and Declaratory Relief (Doc. 2) in which he prays that the court "render this debt discharged for acceptance and order defendant to issue a satisfaction of mortgage"  (Doc. 2, p. 5).

The Defendant, Phillip D. Prickett, has attached an "Administrative Notice" (Doc. 2-1) with his Motion for Injunctive and Declaratory Relief which sets forth several "Issues".  All of

his "Issues" are difficult to understand and defy any type of legal logic but the court will attempt to address them.

**Issue One:  Oath of Office Makes Public Officials "Foreign" (Id. p. 3)**.

It appears that because public officials take an oath of office the Defendant contends they become a "foreign agent" pursuant to "22 CFR, Foreign Relations, Sections §§92.12-92.30" [1] and that certain treaties place our "public office in that Foreign State under international law and under United Nations jurisdiction" (Id., p. 4).  The court cannot tell how this issue relates to the Defendant's current contention.

**Issue Two:  Judge Serves as a Debt Collector.**

The Defendant asserts that "Judges hold public office under Title 28 USC, Chapter 176, federal Debt Collection Procedure: Title 28, Chapter176, Federal  Debt Collection Procedure, Section §3002. "  It is unclear what the Defendant means by this argument.

**Issue Three: No Immunity under "Commerce".**

The Defendant contends that all "immunity of the United States, and all liability of States, instrumentalities of States and State officials have been waived under commerce," according to some U.S. Code provisions.  The exact argument of the Defendant is impossible to follow.

**Issue Four:  Courts Operating Under War Powers Act.**

The Defendant contends that the Courts are "operating under the Emergency War Powers Act" and that the country has been in a state of emergency for the past 70 years resulting in the "Constitution being suspended" (Id., ¶13).  The court cannot tell how this issue relates to the current contention by the Defendant.

---

[1] These CFR's deal with the obligation of a notary under the Department of State.

**Issue Five: Language not Clarified:**

The Defendant contends that the term "'United States' can and does mean three completely different things" and that the "Court and its officers have failed to state which United States they represent". (Id., ¶17).  The Defendant further contends that "MUNICIPAL, COUNTY, or STATE COURTS lack jurisdiction to hear any case since they fall under the definition of FOREIGN STATE" and that the sole jurisdiction lies within the "district court of the United States" (Id., ¶19).

**Declaration of Status and Right of Avoidance:**

The Defendant begins his Declaration of Status and Right of Avoidance on page 15 of his "Administrative Notice" and it goes through page 30. The entire 15 pages consist of incoherent rambling and unsupported or disjointed assertions of law.  The Defendant claims that "this court **must** perform its duty under the Rule of Law, do Justice, *Rectum Rogare*, and DISMISS WITH PREJUDICE [OR REVERSE] the above-alphanumeric code # without delay".  (Doc. 2-1, p. 27). The Defendant seems to also contend that the Reconstruction Act of March 11, 1868 somehow means that all who "hold office have knowingly and willingly given up their citizenship" and that the Federal Debt Collection Procedure places all courts under equity and commerce and under the International Monetary Fund and that the IMF comes under the Uniform Commercial Code (*Id.*) and that somehow that means his debt to the Plaintiff has been satisfied. The "Administrative Notice" is signed as follows:

> PHILLIP K. PRICKETT and
> By: _____*signature*_____
> Power of Attorney in Fact, With the Autograph
> Phillip D: [Prickett] TM, Beneficiary
> Secured Party Lien Creditor, Authorized Signatory
> Power of Attorney-in-fact on behalf of

PHILLIP D. PRICKETT and/or, ens legis (*Id.*, p. 30)

The Plaintiff has filed a Motion to Dismiss (Doc. 7) contending that there is no basis for the removal of the action to federal court. The Defendant's Response basically contends that federal jurisdiction exist because the Plaintiff's claim "resides in Admiralty Jurisdiction" and that state courts cannot hear a case of Admiralty. (Doc. 8)

**II. Discussion**

**Motion to Dismiss and Motion to Remand:**

The Plaintiff has filed a Motion to Dismiss and the Remand (Doc. 7) contending that there is no basis for the removal of its claim to federal court. The underlying state case, that is currently pending in the Johnson County Circuit Court of Arkansas, is a debt collection case based on state contract law and the amount in controversy is less than $75,000. *See 28 U.S.C. A. §1332 (a)*.

The propriety of removal depends on whether the suit-as the plaintiff framed or easily could have framed it in the complaint-would have been within the district court's original jurisdiction at the time of the removal. *See Federal Deposit Ins. Corp. v. Elefant,* 790 F.2d 661, 667 (C.A.7 (Ill.),1986) citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) and *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939). Notwithstanding the Defendant's contention, the Plaintiff's case it is not a case in Admiralty but an action in contract.

If a suit is not removable based on the complaint it will not be removable even if a counterclaim based on federal law is later filed. *See Elefant*, 790 F.2d at 667. When the court does not have jurisdiction over the suit the appropriate action for the district court is to remand

the proceeding to state court. *Id.* See also *City of Chicago v. Arnold,* 1986 WL 11616, 1 (N.D.Ill.) (N.D.Ill.,1986).  The court has examined the Defendant's claims below and cannot find a constitutional claim which has been validly presented and believes the Motion to Dismiss and Remand should be granted.

**<u>Injunctive Relief:</u>**

While it is really impossible to determine exactly what injunctive relief the Defendant is claiming it appear that he wants the Plaintiff to be permanently enjoined from collecting on a past due credit card debt allegedly owed by the Defendant to the Plaintiff.

There are four factors that the district court is to consider in determining whether to grant injunctive relief: "(1) the threat of irreparable harm to the movant; (2) the balance between the potential harm and any harm that granting the injunction will cause to other parties to the litigation; (3) the probability that the movant will succeed on the merits; and (4) the public interest." *Nat'l Credit Union Admin. Bd. v. Johnson*, 133 F.3d 1097, 1101 (8th Cir.1998) (*citing Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir.1981)); *Medicine Shoppe Intern., Inc. v. S.B.S. Pill Dr., Inc.* 336 F.3d 801, 803 (C.A.8 (Mo.),2003).

Even if the Defendant's request could only be considered a Motion for a Preliminary Injunction it has the same requirements.  Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions.  In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed  to consider what have come to be known as the *Dataphase* factors:  (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties;  and (4) whether

the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). *See also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir.1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir.1993). No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *See Sanborn*, 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir.1987).

There is no threat of irreparable harm to the Defendant. The Defendant has a right to a trial before a court or a jury to determine if he owes the debt or the amount and his right to appeal any judgment of the state or federal court would remain inviolate. There is great potential harm to the Plaintiff if the Injunction would be granted. There does not appear to be any likelihood of success by the Defendant because his legal and factual arguments are not sound and they appear to be frivolous. It is clear that the issuance of an injunction would not be in the public interest as it would foreclose the Plaintiff's ability to put forth any case against the Defendant.

**Declaratory Judgment:**

The Declaratory Judgment that the Defendant seems to seek is to have the court declare that the "Promissory Note" which he claims he tendered for the credit card debt claimed by FIA Card Services should satisfy the debt. The Defendant contends that the "Plaintiff through his surety had tendered a bill of exchange for an alleged mortgage debt owed to defendant. The instrument was never returned to the maker, defendant demands payment in another form while not returning the original instrument" (Doc. 2, p. 2). The court assumes that the Defendant means that he tendered a document to FIA Card Services which he believes should satisfy the

debt. The Defendant has not attached any copy of the document he claims to have tendered nor has he asserted that the document has been negotiated by FIA Card Services.

Unquestionably, a trial court has discretion to grant or deny a declaratory judgment action. *See Royal Indem. Co. v. Metropolitan Cas. Co. of N.Y.*, 80 S.D. 541, 546, 128 N.W.2d 111, 114 (1964), *North Star Mut. Ins. Co. v. Kneen* 484 N.W.2d 908, 911 (S.D.,1992)

Declaratory judgments are an equitable remedy and are not granted of right, but only at the sound discretion of the court. *See Public Affairs Assocs. v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 581-82, 7 L.Ed.2d 604 (1962); *accord Hewitt v. Helms*, 482 U.S. 755, 762, 107 S.Ct. 2672, 2676-77, 96 L.Ed.2d 654 (1987) ("The fact that a court can enter a declaratory judgment does not mean that it should." (emphasis in original)). The Supreme Court has cautioned that important issues of public law should not be decided by declaratory judgment in the absence of need. *Kleppe v. New Mexico*, 426 U.S. 529, 546-47, 96 S.Ct. 2285, 2295, 49 L.Ed.2d 34 (1976); *Rickover*, 369 U.S. at 112, 82 S.Ct. at 581-82.  It does not appear that the Defendant's claim is an important issue of public law no has he exhibited any need for the issuance of declaratory relief.

### III.  Conclusion

For the reasons stated, I recommend that the Defendant's Motion for Injunctive and Declaratory Relief (Doc. 2) be **DENIED** and the Plaintiff's Motion to Dismiss and Motion for Remand (Doc. 7) be **GRANTED.**

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

   IT IS SO ORDERED this 13th day of April 2010.


            /s/ *J. Marschewski*
            HONORABLE JAMES R. MARSCHEWSKI
            CHIEF UNITED STATES MAGISTRATE JUDGE